UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

D.D.,
a citizen and resident of Kentucky,

       Plaintiff,

vs.

CARNIVAL CORPORATION,
a Panamanian Corporation d/b/a
CARNIVAL CRUISE LINES,

       Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff D.D.,[1] a Kentucky resident, sues through undersigned counsel Defendant CARNIVAL CORPORATION, a Panamanian Corporation with its principal place of business in Florida doing business as CARNIVAL CRUISE LINES ("Defendant" or "CARNIVAL"), and alleges the following:

## JURISDICTION, VENUE AND PARTIES

1. This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2. Plaintiff D.D. is sui juris and is a citizen and resident of the State of Kentucky.

---

[1] Plaintiff is proceeding through the use of her initials as a pseudonym due to the sensitive nature of the allegations set forth herein. Carnival is aware of D.D.'s full name, having been advised of it in the respective notice of claim letter as outlined in paragraph 9 below.

3. Defendant CARNIVAL is a Panamanian corporation with its principal place of business in Miami-Dade County, Florida. Defendant CARNIVAL is both a citizen of Panama and a citizen of Florida for purposes of determining subject matter jurisdiction over this action.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, based on diversity of citizenship. Plaintiff is a resident and citizen of Kentucky, while Defendant is a citizen of Panama and Florida. The damages and injuries suffered by the Plaintiff support an award of damages in excess of $75,000.00, exclusive of interest and costs.

5. At all material times, Defendant CARNIVAL has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, so that *in personam* jurisdiction over Defendant exists in the United States District Court for the Southern District of Florida.

6. At all material times, Defendant CARNIVAL was, and is, engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.

7. In the operative ticket contract, Defendant CARNIVAL requires fare paying passengers such as the Plaintiff to bring any lawsuit against it arising out of injuries or events occurring on the cruise voyage in this federal judicial district, and venue is proper in this Court.

8. Venue is also proper in this district because Defendant's principal place of business is located within this judicial district.

9. Plaintiff has complied with all conditions precedent to bringing this action. The Plaintiff reported her injuries to Defendant's representatives shortly after the subject incident occurred, and provided Defendant with timely notice of intent, attached hereto as **Exhibit A**, as required by the ticket contract.

## COMMON ALLEGATIONS

10. At all material times, Defendant was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the "ELATION."

11. At all material times, Plaintiff was a fare paying passenger aboard the Defendant's "ELATION."

12. While on the Defendant's vessel, Plaintiff purchased a Pirate's Cove Beach Resort shore excursion ("Resort" or "subject Resort" or "subject excursion") from Defendant to attend during the ship's stop in Freeport, Bahamas ("Freeport").

13. On February 4, 2024, Plaintiff disembarked in Freeport and was directed to an area where she can take a shuttle, along with other cruise passengers, to the subject Resort, as multiple of Defendant's crewmembers recommended it as the best location.

14. While there, a male staff member with multiple tattoos (including one that said "hope" and another of a Leo zodiac sign) asked Plaintiff and her friend to pose for photographs, but they politely declined. In addition, the staff member offered Plaintiff and her friend drinks, which they initially declined, but later accepted after being offered a "2-for-1" deal. The staff member invited them to look for seashells, and indicated that he could help them find more by accompanying them.

15. Shortly after ingesting the drink provided by the staff member, Plaintiff and her friend began feeling extremely intoxicated.

16. Plaintiff began to feel dizzy, dazed, and as though she was "spinning," at which point a local man pushed her from behind, causing her to fall on the ground.

17. Plaintiff and her friend were then sexually assaulted by two men; Plaintiff woke up on a bathroom floor surrounded by people. A security officer showed Plaintiff surveillance video, where she was quickly able to identify her attacker.

18. At all material times, Freeport was a dangerous disembarkation location due to a high number of violent crimes persisting on the island, as documented by warnings from the United States Embassy in the Bahamas on January 24, 2024 (*see* **Exhibit B**) and the level 2 travel advisory issued by the United States Department of States' Bureau of Consular Affairs on January 26, 2024, the latter of which specifically mentioned the risk of sexual assault in areas of Freeport frequented by tourists, which, as alleged above, included the Pirate's Cove Beach Resort (*see* **Exhibit C**) (collectively, "advisories").

19. Travel advisories issued by the United States Department of States' Bureau of Consular Affairs are based on safety and security conditions that could affect the lives and interests of U.S. citizens abroad.[2] A "level 2" advisory represents the Bureau's urgency that travelers "exercise increased caution," and to be "aware of heightened risks to safety and security."[3]

20. At all material times, Defendant CARNIVAL had actual and/or constructive notice of the danger of criminal assault on tourists at Freeport, including the risk of sexual assault on tourists, due to its prior experience, including but not limited to the United States governmental advisories alleged above and the specific reference to the risk of sexual assault in the January 26 advisory.

21. At all material times, Defendant CARNIVAL also had actual and/or constructive knowledge of the dangers from substantially similar violent crimes that have occurred in Freeport, and the subject Resort, to other passengers.

---

[2] https://travel.state.gov/content/travel/en/international-travel/before-you-go/about-our-new-products.html
[3] Id.

4

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

22. In addition, CARNIVAL knew or should have known of the prior incidents, as well as the general probability that its cruise passengers who disembarked in Freeport would be exposed to violent crimes, including sexual assaults and rapes, because before the subject incident:

   a. Defendant frequently took its cruise passengers to the Bahamas and recommended the subject Resort to its passengers, such that Defendant was familiar with the subject Resort and its criminal history, or should have been.

   b. Defendant actively monitors crime in Freeport, Bahamas, or should have, because that is a scheduled port of call for its cruise.

   c. The recent advisories issues by the United States agencies, specifically including Freeport, Bahamas, where the subject Resort is located, warning that violent crime, including sexual assault, is common, even during the day and in tourist areas. *See* **Exhibits B** and **C**. Defendant knew or should have known of these advisories because Defendant is a U.S.- and Florida-based cruise line that has its cruise ships call at port in Freeport, Bahamas often.

   d. Defendant undertook a duty to recommend the subject Resort to the Plaintiff, by marketing the excursion to the Resort on its vessel and through its' crewmembers explicit recommendation of the Resort as alleged above, and in doing so, either actually was or in the exercise of reasonable care should have been aware of the dangers present at Freeport, including any prior sexual assault incidents occurring at the subject Resort.

23. As a direct and proximate result of the assault described in Paragraph 17, the Plaintiff was injured in and about her body and extremities, including but not limited psychological trauma, mental anguish, post-traumatic stress disorder, suicidal thoughts, aggravation or acceleration of preexisting conditions, and the inability to lead a normal life. Furthermore, she

5

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

incurred medical, hospital, and other out of pocket and health care expenses in the past and future as a result of her injuries. Future medical and health care expenses are reasonably certain to occur. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

## COUNT I – NEGLIGENT FAILURE TO WARN

Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 23 above and further alleges the following matters:

24. At all material times, Defendant CARNIVAL owed the Plaintiff, as a fare paying passenger, a duty to warn passengers of hazards of which it knew or should have known in the exercise of reasonable care in areas where its passengers may reasonably be expected to encounter upon disembarking the vessel.

25. At all material times, there was an extreme risk of criminal assault on tourists, including sexual assaults, in Freeport and the subject Resort, as alleged in Paragraphs 14 through 19 above.  The dangers existing from disembarking at Freeport at the time and place of Plaintiff's injury was neither known nor obvious to reasonable passengers, including the Plaintiff. Reasonable passengers such as the Plaintiff and her traveling companions would believe Freeport and the Resort to be safe, both because the excursion to the Resort was marketed by Defendant on board Defendant's vessel and because Defendant stopped at Freeport and recommended the subject Resort.

26. At all material times, Defendant CARNIVAL either knew or should have known of the dangers existing in Freeport and the subject Resort due to the travel advisories and the other reasons alleged in Paragraphs 18 through 22 above.

27. Notwithstanding Defendant CARNIVAL's actual or constructive knowledge of the dangerous conditions existing in Freeport and the subject Resort, Defendant CARNIVAL breached its duty to Plaintiff by failing to warn of the violence and risk of harm posed by disembarking in Freeport, and was thereby negligent, in one or more of the following ways:

a. Failing properly to warn passengers including the Plaintiff, through appropriate signage, oral or written warnings, of the dangers existing in Freeport and the subject Resort;

b. Failure reasonably to warn Plaintiff of prior sexual assaults and/or rapes of passengers in Freeport and/or at the subject Resort;

c. Failure reasonably to warn Plaintiff of past violent crime and/or the high incidence of violent crime, generally, in Freeport and/or at the subject Resort;

d. Failure reasonably to warn Plaintiff that Defendant would not reasonably investigate Freeport and/or the subject Resort before recommending the excursion to passengers including the Plaintiff.

28. As a direct and proximate result of one or more of the Defendant's negligent acts as described above, the Plaintiff was sexually assaulted as alleged in Paragraph 17 above and has thereby sustained and will continue in the future to sustain the damages alleged in Paragraph 23 above.

**WHEREFORE,** Plaintiff demands judgment against Defendant CARNIVAL for compensatory damages, interest and the costs of this action and further demands trial by jury of all issues so triable as of right.

## **COUNT II - NEGLIGENT SELECTION/RETENTION OF EXCURSION**

Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 23 above and further alleges the following matters:

29. At all material times, Defendant owed passengers, including Plaintiff, the duty to exercise reasonable care to select safe and adequate excursions for marketing, promoting, and direct sale.

30. Defendant knew or should have known that its duty of reasonable care required that a reasonable investigation and vetting process should have been performed and completed by it before entering into an agreement with, promoting, marketing, and/or selling tickets for the subject Resort.

31. Defendant knew or reasonably should have known, at the time of selection, that the subject Resort was dangerous and that visiting tourists were subject to criminal attack, including sexual assault, as alleged in Paragraphs 18 through 22 above.

32. Defendant breached its duties to select and retain a competent and reasonably safe excursion entity to perform the subject excursion and was thereby negligent in one or more of the following ways:

a. Failing reasonably to inquire into the inherent dangers present at the subject Resort at the time of selection and before entering into an agreement to refer passengers to it;

b. Failing to institute safety procedures to make sure that the dangers and risks of violent crimes at the Resort, including sexual assault, were investigated, warned of, ameliorated through appropriate supervision, restrictions, security and otherwise mitigated with reasonable safety precautions at the time of selection;

    c. Failing to determine whether the Resort maintained or executed an established safety program to monitor and/or supervise the activities and operation of the Resort and its employees;

    d. Selecting an excursion that was inattentive to the safety of passengers in general and the Plaintiff in particular.

33. Despite Defendant's failure to reasonably inquire into the Resort's fitness insofar as safety and prevention of violent crimes, it allowed for and/or engaged with and/or negligently selected and/or approved the subject Resort as a destination for recommended passenger excursions.

34. As a direct and proximate result of one or more of the Defendant's negligent acts as described above, the Plaintiff was sexually assaulted, as alleged in Paragraph 17 above and has thereby sustained and will continue in the future to sustain the damages alleged in Paragraph 23 above.

**WHEREFORE,** Plaintiff demands judgment against Defendant CARNIVAL for compensatory damages, interest and the costs of this action and further demands trial by jury of all issues so triable as of right.

## COUNT III – NEGLIGENT PROMOTION/ADVERTISING

Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 23 above and further alleges the following matters:

35. At all material times, Defendant CARNIVAL owed the Plaintiff, as a fare paying passenger, a duty to keep passengers, such as Plaintiff, safe from hazards of which it knew or should have known in the exercise of reasonable care, including hazards passengers may

9

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

reasonably have been expected to encounter upon disembarking the vessel for the purpose of recommended and hence foreseeable excursions.

36. At all material times, Defendant CARNIVAL either knew or should have known of the dangers existing in Freeport and the subject Resort, including the risk of sexual assault on tourists including its passengers, for the reasons alleged in Paragraphs 18 through 22 above.

37. Defendant nevertheless advertised and sold the subject excursion to Plaintiff, characterizing it as a "picturesque views of the turquoise water and the sunlit, sandy shoreline" with "experienced, hospitable and cordial staff [who] will ensure you have a memorial visit."[4]

38. Plaintiff disembarked in Freeport and visited the subject Resort in reliance upon the representations of Defendant's promotions, brochures, advertisements, website, television advertising and sales personnel, all of which suggested to reasonable passengers including Plaintiff that it was safe.

39. Plaintiff was told by Defendant that the subject Resort was the best activity to engage in in Freeport.

40. There were no warnings to passengers regarding the crime rate in Freeport or the risk of sexual assault and other criminal assault against tourists including Defendant's passengers.

41. Defendant sold, promoted, advertised the subject excursion to passengers including the Plaintiff without warnings regarding the risk of sexual assault and other criminal assault against tourists including Defendant's passengers in Freeport or the subject Resort.

42. Defendant had not adequately vetted the subject Resort and surrounding areas, and proceeded to promote the subject Resort, omitting any warnings to passengers regarding potential dangers.

---

[4] https://www.carnival.com/shore-excursions/freeport/pirate-s-cove-beach-getaway-416113

10

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

43. Defendant's misleading advertising and promotion of Freeport and the subject Resort deceived Plaintiff into disembarking and taking a shuttle provided by the Defendant to the subject Resort, thereby exposing Plaintiff to the risk of violent crimes including sexual assault, as alleged in Paragraphs 14 through 19 above.

44. As a direct and proximate result Defendant's negligent and misleading promotion, the Plaintiff was sexually assaulted, as alleged in Paragraph 17 above and has thereby sustained and will continue in the future to sustain the damages alleged in Paragraph 23 above.

**WHEREFORE,** Plaintiff demands judgment against Defendant CARNIVAL for compensatory damages, interest and the costs of this action and further demands trial by jury of all issues so triable as of right.

## COUNT IV – NEGLIGENCE BASED ON APPARENT AGENCY OR AGENCY BY ESTOPPEL

45. Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 23 above and further alleges the following matters.

46. At all times material thereto, Defendant made manifestations that caused Plaintiff to believe the subject Resort had authority to act for the benefit of Defendant. These manifestations included:

   a. Defendant advertised in series of internet, brochure, and other media about the availability of the subject excursion to the Resort;

   b. Defendant allowed its name to be utilized in connection with the advertising of the Resort, and the subject excursion to the Resort;

   c. Defendant made all arrangements for the subject excursion without effectively disclosing to, and warning Plaintiff that the subject excursion was being run by another entity, and/or entities, unrelated to Defendant;

d. Defendant represents on its website, at its dedicated shipboard excursion desk, and in its shore excursion brochure, that excursions are planned by partners, with no further explanation, warning or material information to allow Plaintiff and others to make informed or knowing decisions regarding the role and fitness of the partners or the passengers' vacation choices and safety;

e. Defendant marketed the subject excursion using its company logo on its website and/or in its brochures and/or its ship, and in pre-cruise advertising, online and other promotional materials, without effectively disclosing to Plaintiff that said excursion was being run by another entity and/or entities;

f. Defendant maintains an excursion desk on its ship whereby it offered, sold, provided information to, and answered questions of passengers about the subject excursion without effectively disclosing to Plaintiff that said excursion was being run by another entity and/or entities;

g. Defendant recommended that Plaintiff not engage in excursions, tours, activities not sold through Defendant, as it claimed to have no familiarity with other tours or their operations, despite the ready availability of the same excursions once passengers arrive at the port of call or before over the internet, often at lower prices, solely to protect Defendant's profits;

h. The fee for the excursion was charged to the Plaintiff, and collected from the Plaintiff, exclusively by Defendant; and/or

i. Plaintiff's receipts for the purchase of the subject excursion were issued exclusively by Defendant.

47. Plaintiff reasonably relied on the above, as alleged, to her detriment, so as reasonably to believe when purchasing the subject excursion from Defendant that the subject Resort's staff and personnel were employees and/or agents and partners of Defendant.

48. It was reasonable for Plaintiff to believe that the subject Resort's personnel were Defendant's employees and/or agents because the Plaintiff booked, paid for and made all necessary arrangements for the subject excursion through Defendant. Defendant's actions caused Plaintiff to believe that the Resort had authority to act on Defendant's behalf. At no time did either the Defendant or the Resort represent to or warn the Plaintiff in particular or other cruise ship passengers, in a meaningful way, that the Resort's personnel were not agents, partners or employees of CARNIVAL.

49. Plaintiff's reasonable reliance was detrimental because Plaintiff would not have booked, paid for, and/or participated in the subject excursion and therefore incurred any injuries had Plaintiff known the subject excursion was neither operated by nor properly and diligently vetted by Defendant.

50. On the date of the subject incident, Defendant and/or their agents, employees, and staff breached their duty to provide Plaintiff with reasonable care under the circumstances in one or more of the following ways:

   a. Failing to provide a reasonably safe excursion;

   b. Failing adequately to ensure that the subject Resort was reasonably safe for tourists including Defendant's passengers;

   c. Failing to provide an excursion with vetted, safe, helpful and/or trained personnel;

    d.  Failing to provide adequate security on the Resort premises when both Defendant and the Resort knew or should have known that recent increase in violent crimes posed a foreseeable risk of harm to Plaintiff;

    e.  Failing to ensure the Resort was equipped with adequate security and safety personnel for the protection of its passengers.

    f.  Failing to promulgate and/or enforce adequate policies and procedures to ensure that the subject Resort was reasonably safe, equipped with appropriate security, and free of violent crimes as was reasonably safe for Defendant's passengers; and/or

    g.  Failing to ensure that properly trained and supervised persons operated the subject Resort.

51.    The foregoing acts of negligence of Defendant were a foreseeable, direct and proximate cause of the Plaintiff's injuries.

52.    As a direct and proximate result of one or more of the Defendant's negligent acts as described above, the Plaintiff's was sexually assaulted, causing her severe emotional distress and has thereby sustained and will continue in the future to sustain the damages alleged in Paragraph 23 above.

**WHEREFORE,** Plaintiff demands judgment against Defendant CARNIVAL for compensatory damages, interest and the costs of this action and further demands trial by jury of all issues so triable as of right.

**COUNT V – NEGLIGENT INFLICTION OF SEVERE EMOTIONAL DISTRESS**

53.    Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 23 above and further alleges the following matters.

54. Defendant recklessly and negligently stopped in Freeport, promoted and sold the subject excursion to the Resort, and allowed Plaintiff to disembark in a dangerous, high crime area without providing adequate security and without warning Plaintiff of the dangers that might be encountered. Defendant callously exposed Plaintiff to a known danger for the purpose of advancing its own financial gain.

55. During the commission of the sexual assault, Plaintiff suffered bodily injuries and was in extreme fear for her life.

56. Defendant's negligent and reckless conduct proximately caused Plaintiff to experience severe and extreme emotional distress, which distress manifested itself physically.

57. As a direct and proximate result of one or more of the Defendant's negligent acts as described above, the Plaintiff was sexually assaulted, causing her severe emotional distress and has thereby sustained and will continue in the future to sustain the damages alleged in Paragraph 23 above.

**WHEREFORE,** Plaintiff demands judgment against Defendant CARNIVAL for compensatory damages, interest and the costs of this action and further demands trial by jury of all issues so triable as of right.

### COUNT VI - NEGLIGENCE BASED ON JOINT VENTURE

Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 23 above and further alleges the following matters.

58. At all times material thereto, Defendant CARNIVAL and the Resort were engaged in a joint venture to provide excursions to passengers aboard Defendant's ship(s).

59. At all times material thereto, Defendant and the Resort entered into an agreement where Defendant would sell the subject excursion to its passengers and the Resort would

15

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

accommodate those passengers by providing food, drinks, services, and other amenities during the excursion.

60. As part of the joint venture, Defendant arranged for, sponsored, recommended, marketed, operated, sold to its passengers and/or collected money from its passengers for the subject excursion. The proceeds of these transactions were then shared between Defendant and the Resort. As part of the joint venture, Defendant and/or the Resort provided labor and/or operated the subject excursion.

61. Defendant, on behalf of the joint venture, charged a fee to passengers who utilized the excursion. The proceeds from this fee were split between Defendant and the Resort.

62. At all times material thereto Defendant and the Resort had joint and/or shared control over aspects of the joint venture.

63. The Resort had control over the day-to-day working of the excursion(s).

64. Defendant exercises control over the subject excursion by way of its requirements for its operation, insurance, indemnification, and safety.

65. Defendant had control over the arrangements, marketing, and sales of the excursion, and distribution of excursion tickets onboard its vessels including the "ELATION."

66. At all times material thereto, Defendant and the Resort shared a common purpose: to sell and operate the subject excursion for a profit.

67. At all times material thereto, Defendant and the subject Resort had a propriety and/or ownership interest in the subject excursion. Defendant had an interest in arranging, sponsoring, recommending, advertising, operating, and selling the subject excursion as well as collecting money for such an excursion, and the subject Resort had a proprietary interest in the time and labor expended in operating the subject excursion.

68. At all times material thereto, Defendant and the subject Resort shared any losses sustained from the joint venture.

69. Defendant and the subject Resort are jointly and severally responsible for each other's negligence.

70. At all times material thereto, Defendant and the subject Resort, based on the facts alleged above:

   a. Had an intention to create a joint venture;

   b. Had a joint propriety interest in the subject manner of the venture;

   c. Had mutual control and/or joint control over the subject matter of the venture with respect to the provision of excursions to passengers aboard the ship;

   d. Had a right to share in the profits of the joint venture; and

   e. Would share losses that may have been sustained.

71. As joint venturers, Defendant and the subject Resort are liable for each other's negligence. As a result, Defendant is liable for the negligent conduct of the subject Resort, and the subject Resort is liable for Defendant's negligence.

72. At all material times, including the time Plaintiff was sexually assaulted as alleged in Paragraphs 14 through 17 above, Defendant as a member of the joint venture breached its duty to provide Plaintiff with reasonable care under the circumstances in one or more of the following ways:

   a. Failing to provide a reasonably safe excursion;

   b. Failing adequately to ensure that the subject Resort was reasonably safe for tourists including Defendant's passengers;

   c. Failing to provide an excursion with vetted, safe, helpful and/or trained personnel;

  d. Failing to provide adequate security on the Resort premises when both Defendant and the Resort knew or should have known that recent increase in violent crimes posed a foreseeable risk of harm to Plaintiff;

  e. Failing to ensure the Resort was equipped with adequate security and safety personnel for the protection of its passengers.

  f. Failing to promulgate and/or enforce adequate policies and procedures to ensure that the subject Resort was reasonably safe, equipped with appropriate security, and free of violent crimes as was reasonably safe for Defendant's passengers; and/or

  g. Failing to ensure that properly trained and supervised persons operated the subject Resort.

73. As a direct and proximate result of one or more of the joint venture's negligent acts as described above, the Plaintiff's was sexually, causing her severe emotional distress and has thereby sustained and will continue in the future to sustain the damages alleged in Paragraph 23 above.

**WHEREFORE,** Plaintiff demands judgment against Defendant CARNIVAL for compensatory damages, interest and the costs of this action and further demands trial by jury of all issues so triable as of right.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

[Space Intentionally Left Blank]

D.D. v Carnival Corporation

Dated, this 25th day of September, 2024.

Respectfully submitted,

*/s/ Philip M. Gerson*
PHILIP M. GERSON
Florida Bar No. 127290
pgerson@gslawusa.com
filing@gslawusa.com
NICHOLAS I. GERSON
Florida Bar No. 0020899
ngerson@gslawusa.com
EDWARD S. SCHWARTZ
Florida Bar No. 346721
eschwartz@gslawusa.com
DAVID L. MARKEL
Florida Bar No. 78306
dmarkel@gslawusa.com
GERSON & SCHWARTZ, P.A.
1980 Coral Way
Miami, Florida 33145
Telephone:  (305) 371-6000
Facsimile:  (305) 371-5749
*Attorneys for Plaintiff*