UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-23693-ALTMAN/LETT

D.D. and A.S.,

    Plaintiffs,

v.

**CARNIVAL CORPORATION** *and* **ARAWAK ADVENTURE & COMMERCIAL TOURS**,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Carnival Corporation and Arawak Adventure & Commercial Tours' Joint Motion for Sanctions ("Motion") [ECF No. 64], Plaintiffs' Response in Opposition to Defendants' Joint Motion for Sanctions ("Response") [ECF No. 65], and Defendants' Reply in Support of their Joint Motion for Sanctions ("Reply"). Having reviewed the factual record and relevant legal authority, heard the respective arguments of the parties, and being fully advised in the premises, Defendant Carnival Corporation and Arawak Adventure & Commercial Tours' Joint Motion for Sanctions is **GRANTED**.

    **I.**    **Background**

        A.   Factual Background

On May 8, 2025, Plaintiffs D.D. and A.S. filed a Joint Amended Complaint and Demand for Jury Trial [ECF No. 48] ("Joint Amended Complaint") alleging they were

sexually assaulted while on an excursion courtesy of Carnival Corporation. Am. Complaint ¶¶ 18, 22. The Joint Amended Complaint asserts thirteen (13) causes of action against Carnival Corporation ("Carnival") and Arawak Adventure & Commercial Tours ("Arawak") (collectively, "Defendants"). *Id.* On May 22, 2025, Defendants jointly moved to dismiss the Joint Amended Complaint ("Joint MTD") [ECF No. 52]. Plaintiffs requested an extension to file their response to the Joint MTD [ECF No. 54], which was granted [ECF No. 55], and on June 16, 2025, Plaintiffs responded to the Joint MTD ("MTD Response") [ECF No. 59]. Defendants jointly replied to the MTD Response [ECF No. 60] on June 23, 2025.

A cursory review of the docket reveals that this case proceeded normally until Defendants filed their Reply in Support of their Joint Motion to Dismiss ("MTD Reply"), exposing various deficiencies in Plaintiffs' MTD Response. MTD Reply at 1-2. Not only did the MTD Reply highlight potential legal deficiencies in Plaintiffs' Joint Amended Complaint, but the MTD Reply alluded to the probable reliance on hallucinated legal authority by Plaintiffs' counsel—Nicholas Plymale, Nicholas Gerson, Philip Gerson, and Edward Schwartz (Collectively, "Gerson & Schwartz, P.A."). The MTD Reply notes that Plaintiffs' MTD Response was riddled "with fake cases, fabricated quotations from real cases, and inaccurate citations to the complaint and defendants' motion." MTD Reply at 1. Once Defendants sounded the alarm, Gerson & Schwartz, P.A. filed a Motion for Leave to file *Sur-Reply*, attaching their proposed *sur-reply* as exhibit 1 ("Proposed *Sur-Reply*") [ECF No. 62-1]. Judge Altman denied the request to file the Proposed *Sur-Reply* on that same day. ECF No. 63.

2

Without delay, on June 24, 2025, Defendants filed the instant motion for sanctions against Gerson & Schwartz, P.A. ("Sanctions Motion") [ECF No. 64]. The Sanctions Motion notes several discrepancies in Plaintiffs' Proposed *Sur-Reply* that are relevant to the sanctionable conduct before this Court. On July 8, 2025, Gerson & Schwartz, P.A.—through Nicholas Plymale—responded to the Sanctions Motion ("Sanctions Response") [ECF No. 65], and Defendants jointly replied on July 15, 2025 [ECF No. 66]. The Sanctions Response leans heavily on the Proposed *Sur-Reply*, stating, "[t]here is no fabricated case, quotation, or citation in the revised filing"—the revised filing being the denied Proposed *Sur-Reply*. *Id*. at 2. Furthermore, the Sanctions Response attaches an affidavit by Nicholas M. Plymale—the attorney responsible for drafting the hallucinated MTD Response—where he affirms that he "did not fabricate any case, citation, quote, or legal authority in any filing submitted to this Court." Sanctions Resp., Ex. 1 [ECF No. 65-1]. Attorney Plymale acknowledges that the MTD Response "contained citation errors, including incorrect citations to certain cases that could not be verified," but "those errors were inadvertent and stemmed from the mistaken inclusion of authorities not cross-checked thoroughly against Lexis." *Id*. ¶ 4.

On September 8, 2025, the Court heard argument regarding Defendants' Sanctions Motion ("Sanctions Hearing"). *See* ECF No. 76. Attorneys Edward Schwartz, Nicholas Gerson, and Nicholas Plymale appeared on behalf of Gerson & Schwartz, P.A., while William Seitz, Charlotte Robinson, and Tyler Rauh appeared on behalf of Defendants. Notably, three (3) days before the Sanctions Hearing,

3

Attorney Plymale filed a Supplemental Sworn Affidavit where he proffered a series of unfortunate events to support his position that sanctions should not be imposed. *See generally* Supp. Aff., ECF No. 75. Attorney Plymale averred that:

(1) on June 16, 2025—the day the MTD Response was due, Edward Schwartz instructed him to remove "*Doe v. NCL, 2020 WL 5439559* and *Chapman v. Carnival Corp., 2020 WL 5441224.*" *Id.* ¶ 4. **However, he mistakenly believed that he removed all references to *Doe v. NCL* and *Chapman*.** *Id.* ¶ 5 (emphasis added);

(2) on June 18, 2025, Attorney Tyler Rauh emailed Attorney Plymale stating that multiple authorities included in the MTD Response did not exist, the MTD Response contained miscites of real cases, and Defendants did not oppose Attorney Plymale seeking leave or submitting an amended response. *Id.* ¶ 8-9, 12;

(3) despite Defendants' agreement, he was unable to timely file an amended and corrected response because **he was sick June 19, 2025 and June 20, 2025,** and did not return to the office until June 23, 2025. *Id.* ¶ 16 (emphasis added);

(4) on June 23, 2025, he intended to file an amended and corrected response before Defendants' reply in support of the Joint MTD was due, **but he mistakenly calendared the deadline for Defendants' reply** as being due June 24, 2025, which caused him to believe he had an additional day. *Id.* ¶ 16 (emphasis added).

4

B. <u>Sanctionable Conduct</u>

The sanctionable conduct before this Court is egregious. Defendants' Sanctions Motion implicates three (3) consecutively written memoranda submitted by Gerson & Schwartz, P.A.: (i) the MTD Response; (ii) Plaintiffs' Motion for Leave to file *Sur-Reply*; and (iii) Plaintiffs' Proposed *Sur-Reply*. Unlike Gerson & Schwartz, P.A. in this action, the Court employed its resources to verify the veracity of all legal authority cited by Gerson & Schwartz, P.A. and details the shortcomings of each memorandum in turn:

i. <u>The MTD Response</u>

The MTD Response includes five (5) fabricated cases. Gerson & Schwartz, P.A. cited *Doe v. NCL*, 2020 WL 5439559 (S.D. Fla. Sept. 10, 2020), representing to this Court that the *Doe* court denied a motion to dismiss. However, the *Doe* Case does not exist; in fact, the citation corresponds to *In re: RUBIE'S COSTUME COMPANY, INC., et al. Debtors.*, 2020 WL 5439559 (Bkrtcy.E.D.N.Y.). Counsel also cited to *Chapman v. Carnival Corp.*, 2020 WL 5441224 (S.D. Fla. Sept. 10, 2020) with a parenthetical stating that a motion to dismiss a claim for negligent selection and retention was denied. However, the *Chapman* case cited by Gerson & Schwartz, P.A. also does not exist because the citation returns a Middle District of Alabama case. Likewise, counsel also cited three other nonexistent cases: *Simon v. Celebration Cruise Operator*, 2011 WL 675256 (S.D. Fla. Feb. 16, 2011), *Stone v. Royal Caribbean Cruises Ltd.*, 2022 WL 3088730 (S.D. Fla. Aug. 3, 2022), and *A&E Adventures LLC v. Cloward H2O LLC*, 2019 WL 13192191 (S.D. Fla. Apr. 4, 2019). What's more, Counsel

5

not only cites hallucinated cases, but the MTD Response also includes hallucinated parentheticals of false holdings and imaginary quotes.

In addition to nonexistent caselaw, the MTD Response contains misrepresentations of real cases. For example, Gerson & Schwartz, P.A. cites *Romano v. John Hancock Life Ins. Co. (USA)*, 2021 WL 3579991 (S.D. Fla. Aug. 13, 2021), but the Westlaw citation "2021 WL 3579991" does not exist. Counsel cited *Romano* to support the legal standard of negligent misrepresentation, but of the seven (7) cases with a similar case caption, none of the seven cases mention negligent misrepresentation. Similarly, *Doonan v. Carnival Corp.*, 404 F. Supp. 3d 1367 (S.D. Fla. 2019) does not discuss negligent misrepresentation, and the citation for this case is also wrong—*Doonan* was a 2005 case. Gerson & Schwartz, P.A. cited to *Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d 1225 (11th Cir. 2014) at least five times throughout the brief and remarkably attributes a 27-word imaginary quote to the Eleventh Circuit. Furthermore, the order issued in *In re Takata Airbag Prod. Liab. Litig.*, 396 F. Supp. 3d 1101 (S.D. Fla. 2019), which Gerson & Schwartz, P.A. cited to establish the elements of a joint venture, does not include the phrase "joint venture," making it difficult to understand why this case was cited to establish the joint venture elements. Counsel also misquotes Florida's Longarm statute.

    ii.  Plaintiffs' Motion for Leave to file *Sur-Reply*

In support of Gerson & Schwartz, P.A.'s desire to submit the Proposed *Sur-Reply* for consideration, counsel cited to *Gayou v. Celebrity Cruises, Inc.*, No. 11-23359, 2012 U.S. Dist. LEXIS 77536, at *6 n.1 (S.D. Fla. June 5, 2012). Though the

citation used by Gerson & Schwartz, P.A. is accurate, the parenthetical is grossly misleading. The parenthetical notes that this Court considered the *Gayou* plaintiff's *sur-reply* in light of new issues raised by the defendant's reply. However, a *sur-reply* was neither filed nor considered in *Gayou*. *See* Def.'s Mot. to Dismiss, *Gayou v. Celebrity Cruises, Inc.*, No. 11-23359, 2012 U.S. Dist. LEXIS 77536 (S.D. Fla. June 5, 2012), Dkt. No. 8; Pl.'s Response to Def.'s Mot. to Dismiss, *Id.*, Dkt. No. 26; Def.'s Reply to Pl.'s Mot. to Dismiss, *Id.*, Dkt. No. 27; Order Granting in Part Def.'s Mot. to Dismiss, *Id.*, Dkt. No. 45.

### iii.  Plaintiffs' Proposed *Sur-Reply*

As noted above, Judge Altman rejected Gerson & Schwartz, P.A.'s Proposed *Sur-Reply* that was seemingly an attempt to address the inaccuracies in the response to the Joint MTD. Nevertheless, like the MTD Response, the Proposed *Sur-Reply* too contained several inaccuracies. For example, Gerson & Schwartz, P.A. cites to *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) for the proposition that the Eleventh Circuit reversed a dismissal where a plaintiff sufficiently alleged notice by demonstrating Carnival was aware of crime in Nassau due to prior incidents and government advisories. *See* MTD Response at 3. Yet, the *Chaparro* case does not mention Nassau or travel advisories, and therefore dismissal was not based on Carnival's knowledge of prior incidents and government advisories. Likewise, Gerson & Schwartz, P.A. again cites to *Gayou v. Celebrity Cruises, Inc.*, No. 11-23359, 2012 U.S. Dist. LEXIS 77536, incorrectly claiming the *Gayou* Court rejected the defendant's rule 9(b) argument and quoting hallucinated language not found in the

7

order. Gerson & Schwartz, P.A. also cites *Smolnikar v. Royal Caribbean Cruises, Ltd.*, 787 F. Supp. 2d 1308 (S.D. Fla. 2011), asserting the Court denied a motion to dismiss; meanwhile, the Court granted summary judgment in favor of the cruise line. Gerson & Schwartz, P.A. also misrepresented *Landivar v. Celebrity Cruises*, Inc., No. 21-20815-CIV, 2021 WL 7186402 (S.D. Fla. July 12, 2021). Counsel claims *Landivar* analyzes whether ziplines were "safe and family-friendly," but the case involved COVID-19 and whether the cruise line misrepresented whether people were sick onboard. *See* Proposed *Sur-Reply* at 7; *cf. Landivar*, 2021 WL 7186402, at *1-2. Gerson & Schwartz, P.A. also misguides the Court by improperly misquoting several other legal authorities, including travel authorities and Florida's Longarm statute.

**II.     Legal Standard**

Defendants seek sanctions against Gerson & Schwartz, P.A. through three legal avenues available under Federal law: (1) Rule 11 of the Federal Rules of Civil Procedure; (2) the Court's inherent authority; and (3) 28 U.S.C. § 1927.

A. <u>Rule 11</u>

Rule 11(b)(2) of the Federal Rules of Civil Procedure states:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper–whether by signing, filing, submitting, or later advocating it–an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]

Fed. R. Civ. P. 11(b)(2). "The objective standard for testing conduct under Rule 11 is

8

reasonableness under the circumstance and what was reasonable to believe at the time the pleading was submitted." *Baker v. Alderman*, 158 F. 3d 516, 524 (11th Cir. 1998) (quotation omitted). Moreover, Rule 11(c)(2) sets forth a detailed procedure to be followed by parties seeking sanctions. *See Rocket Real Estate, LLC v. Maestres*, No. 15-62488-CIV-COHN/SELTZER, 2017 WL 4303783, at *3 (S.D. Fla. April 10, 2017). Pursuant to Rule 11(c)(2):

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Fed. R. Civ. P. 11(c)(2). The purpose of the 21-day safe harbor period is to allow "the receiving party to avoid sanctions by withdrawing or correcting the offending document after being given notice of the alleged violation." *Rocket Real Estate, LLC*, 2017 WL 4303783, at *3. The Rule 11 safe harbor provision "is commonly accepted as a 'strict procedural requirement.'" *Khullar v. Goldstein*, No. 0:24-cv-62170-LEIBOWITZ, 2025 WL 1086774 (S.D. Fla. March 28, 2025) (citing *Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 142 n.4 (2d Cir. 2002)). Indeed, "[n]early every federal appellate court in the country has held that a Rule 11 motion can be granted only where the movant demonstrates strict compliance with the safe harbor provision." *Rocket Real Estate, LLC*, 2017 WL 4303783, at *4, *report and recommendation adopted*, 2017 WL 4303784 (S.D. Fla. May 18, 2017), *aff'd*, 749 F. App'x 952 (11th Cir. 2019).

9

B. <u>Inherent Authority</u>

"A court's inherent power is 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Purchasing Power, LLC v. Bluestream Brands, Inc.*, 851 F. 3d 1218, 1223 (11th Cir. 2017) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46, 111 S. Ct. 2123, 2133, 115 L.Ed.2d 27 (1991)). The powers are employed to sanction conduct that abuses the judicial process. *Id*. Indeed, "the Court has inherent authority to sanction the misuse of AI when it affects the Court's docket, case disposition, and ruling." *Versant Funding LLC v. Teras Breakbulk Ocean Navigation Enterprises, LLC*, No. 17-cv-81140-DIMITROULEAS/MATTHEWMAN, 2025 WL 1440351, at *3 (S.D. Fla. May 20, 2025).

To unlock a court's inherent power, the court must find subjective bad faith. *Purchasing Power, LLC*, 851 F. 3d at 1223-24. "However, in the absence of direct evidence of subjective bad faith, this standard can be met if an attorney's conduct is so egregious that it could only be committed in bad faith." *Id*. at 1224-25. Simple recklessness can be a starting point for sanctions under a court's inherent powers, but something more is required to constitute bad faith. *Id*. at 1225. Stated differently, "recklessness plus a frivolous argument" suffices to unlock a court's inherent powers. *Id*. A district court deciding whether to impose sanctions under its inherent powers should be guided by the purpose of the inherent powers: "to vindicate judicial authority without resorting to contempt of court sanctions and to make the non-violating party whole." *Id*.

C. <u>28 U.S.C. § 1927</u>

Section 1927 of the United States Code provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. A district court may impose attorney's fees under § 1927 if the court finds that "(1) the attorney engaged in unreasonable and vexatious conduct; (2) such conduct multiplied the proceedings; and (3) the amount of the award does not exceed the costs, expenses, and attorneys' fees reasonably incurred due to such conduct." *Goode v. Wild Wing Café*, 588 F. App'x 870, 874 (11th Cir. 2014). Sanctions are justified under § 1927 "when the attorney's conduct is so egregious that it is tantamount to bad faith." *Id.* (citing *Norelus v. Denny's, Inc.,* 628 F.3d 1270, 1282 (11th Cir. 2010)).

**III. Discussion**

A. <u>Rule 11 Sanctions are not Permitted</u>

Gerson & Schwartz, P.A. argues that sanctions under Rule 11 are improper because Defendant did not comply with Rule 11's procedural requirements. *See* Sanctions Hr'g Transcript [ECF No. 79], 10:19-25 ("[T]here was no conferral or any discussion at any point in time with counsel for the defendant . . . the Court should deny the motion under Rule 11, because Rule 11 contains a mandatory 21-day safe harbor provision."). The Court agrees. The 21-day safe harbor provision is a curative measure, and most courts require strict compliance with the Rule before imposing

11

sanctions. *See* Fed. R. Civ. P. 11(c)(2); *see also Rocket Real Estate, LLC*, 2017 WL 4303783, at *4. Defendants argue that Rule 11 sanctions are still appropriate because Plaintiffs were put in an awkward position where they only had seven (7) days to file their MTD Reply, and therefore, could not wait 21-days for Defendants to withdraw the offending document. *See* Sanctions Reply at 4, [ECF No. 66].

On June 18, 2025, Defendants alerted Plaintiffs' counsel that "[m]ultiple authorities" in the MTD Response did not exist. Supp. Aff. ¶ 18. Shortly thereafter, on June 24, 2025, Defendants filed the Sanctions Motion. Although Defendants professionally informed Gerson & Schwartz, P.A., via email, that the offending MTD Response included nonexistent cases, Defendants did not serve Gerson & Schwartz, P.A. with a copy of the Sanctions Motion, nor did Defendants wait twenty-one (21) days after said service to file the Sanctions Motion, as required by Rule 11. Accordingly, the undersigned finds that Defendants did not adhere to the strict requirements of Rule 11(c)(2) and, therefore, denies Defendants' request for Rule 11 sanctions. The Court notes, however, that even if Defendants adhered to the provisions of Rule 11, Gerson & Schwartz, P.A. failed to take any curative action.

### B. Sanctions are Warranted Under the Court's Inherent Authority

For sanctions to be imposed under this Court's inherent authority, the undersigned must find subjective bad faith. *Purchasing Power, LLC*, 851 F.3d at 1224. The bad faith standard can be met if an attorney's conduct is so egregious that it could only be committed in bad faith. *Id.* at 1224-25. Sanctions amounting to dismissal and attorney's fees are within a court's inherent power "when a party's

12

conduct evidences bad faith and an attempt to perpetuate a fraud on the court." *Quantum Comm. Corp. v. Star Broadcasting, Inc.*, 473 F. Supp. 2d 1249, 1268 (S.D. Fla. 2007). Gerson & Schwartz, P.A.'s repeated use of hallucinated cases and quotations, without undertaking any curative actions, indicate that the firm engaged in behavior rooted in bad faith. Certainly, the non-existent cases—spread across three *consecutively* written submissions—inflicted fraud upon the Court as to the merits of Plaintiffs' legal arguments and the purported effort expended by Attorney Plymale. An attorney's duty "to prepare a case properly and to give the issues full consideration before preparing pleadings" is not taken lightly by the courts in this circuit. *See Reese v. Herbert,* 527 F.3d 1253, 1264 (11th Cir. 2008).

The facts before the Court and those presented at the hearing make clear that Gerson & Schwartz, P.A. was on notice, as of 4:21p.m. on June 18, 2025, that the MTD Response contained hallucinated cases and inaccurate citations. *See* Supp. Aff., Ex. 1 (Email to Nicholas Gerson, Nicholas Plymale, Philip Gerson, and Edward Schwartz) [ECF No. 75-1]. On that same day, all counsel were warned, for a second time, that Plaintiffs' proposed amended response to the Joint MTD also included fake and inaccurate citations. *Id.*, Ex. 4 ("As my last courtesy warning, however, the list I provided in my email was not exhaustive—you still have fake and inaccurate citations in that draft, to caselaw and otherwise.") [ECF No. 75-4]. Despite Defendants' counsel's stern warning, Gerson & Schwartz, P.A.—through Attorney Plymale— doubled (and tripled) downed on its bad faith conduct by submitting two more memoranda that were not thoroughly vetted and based, in part, on misrepresented

legal authority. *See generally* Mot. for Leave to File *Sur-Reply* and Proposed *Sur-Reply*. Indeed, Attorney Plymale, or one of the other three signatories, could have (and *should have*) scrutinized every citation and representation made in the Motion for Leave to File *Sur-Reply* and Proposed *Sur-Reply*, just as this Court did in preparation to evaluate the instant Sanctions Motion. The fact that this task had not been undertaken by ***anyone*** at Gerson & Schwartz, P.A. by the time of the Sanctions Hearing is unfathomable and egregious.

Attorney Plymale avows that he "identified the *Chapman, Doe v. NCL,* and *Simon* cases from a list of cases in a word document" and that he mistakenly believed the cases were accurate, but the avowal is hollow, and insofar as it does not explain the several other hallucinated cases and misquotes identified above, it strains credulity. *See* Supp. Aff. ¶ 28; *see also supra* Section I.  The Federal Rules of Civil Procedure and the Model Rules of Professional Conduct impose a duty of candor on all litigants to ensure documents are filed in good faith. "Submitting hallucinated cases and quotations regarding whether [its] case should be dismissed . . . is crystal-clear evidence that [Gerson & Schwartz, P.A.] attempted to perpetrate a fraud on the Court and [its] adversaries." *ByoPlanet Int., LLC v. Johansson*, No. 0:25-cv-60647-LEIBOWITZ, 2025 WL 2091025, at *9 (S.D. Fla. July 17, 2025). The undersigned can only conclude that the filings submitted by Gerson & Schwartz, P.A. were not made in good faith.

Further, the Court is not swayed by the other averments in Attorney Plymale's Supplemental Affidavit, nor was the Court moved by argument of counsel during the

14

Sanctions Hearing. Attorney Plymale contends he removed two of the three cases that were identified by Defendants as being inaccurate. Supp. Aff. ¶¶ 9-10. However, Attorney Plymale and Attorney Nicholas Gerson seemingly believe that it was incumbent upon *opposing counsel* to identify all of the inconsistencies in their memorandum. *See* Supp. Affidavit ¶ 12 ("Mr. Rauh did not explain, however what any of the allegedly 'fake and inaccurate citations' might be, aside from the three . . . specified in his [June 18, 2025] email."); *See also* Sanctions Hr'g Tr., 12:6-8 ("The email that was initially sent by Mr. Rauh identifies three or four cases. There was no reference to any other case law."). Defendants had no obligation and were not required to identify the shortcomings of Plaintiffs' memorandum. As noted by this Court, "[m]any harms flow from the submission of fake opinions. The opposing party wastes time and money in exposing the deception." *O'brien v. Flick*, No. 24-61529-CIV-DAMIAN, 2025 WL24924 (S.D. Fla. Jan. 10, 2025) (citing *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 448-49 (S.D.N.Y. 2023)). Where no curative action was taken—despite Attorney Rauh indicating that Plaintiffs needed to "fil[e] something with the court that ha[d] the effect of withdrawing [their] reliance on all fabricated authorities," Supp. Aff., Ex. 1—and no one at Gerson & Schwartz, P.A. undertook the task of analyzing the legal authority set forth in Plaintiffs' written submissions, the undersigned finds that Gerson & Schwartz, P.A.'s conduct evidences bad faith.

### C. Sanctions are Warranted Under 28 U.S.C. § 1927

It is undeniable that the conduct in this case unreasonably multiplied the proceedings. As noted above, this litigation was significantly derailed by Nicholas

Plymale, Nicholas Gerson, Philip Gerson, and Edward Schwartz's disregard of their duty of candor. Opposing counsel and this Court expended significant time and resources to determine the authenticity of Plaintiffs' legal authority—a task Gerson & Schwartz, P.A. did not undertake—and was required to consider additional briefing (and a court proceeding) related to the instant Motion for Sanctions. The inclusion of multiple hallucinated cases, misquotes, and misrepresentations of legal authority was unreasonable given counsel's ethical obligations to their clients and this Court, and Gerson & Schwartz, P.A.'s *strategic* decision to submit a *sur-reply* as opposed to withdrawing the offending document in the first instance was vexatious. Therefore, sanctions, including the costs, expenses, and attorneys' fees reasonably incurred by Defendants is warranted.

## IV.   Conclusion

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Defendant Carnival Corporation and Arawak Adventure & Commercial Tours' Joint Motion for Sanctions ("Motion") [ECF No. 64] is **GRANTED**. It is further **ORDERED** as follows:

1. Plaintiffs' Response in Opposition to Defendants' Joint Motion to Dismiss with Prejudice [ECF No. 59] is **STRICKEN**;

2. To the extent that Plaintiffs themselves paid Gerson & Schwartz, P.A. for time spent briefing or preparing any response or supplemental response to Defendants' Joint Motion to Dismiss with Prejudice or Defendants' Joint Motion for Sanctions, Gerson & Schwartz, P.A. shall **REFUND** said fees;

3. Gerson & Schwartz, P.A. shall **REIMBURSE** Defendants' counsel for

16

reasonable fees incurred replying to Plaintiffs' Response in Opposition to Defendants' Joint Motion to Dismiss with Prejudice and prosecuting the instant Joint Motion for Sanctions, including time preparing for and attending the Sanctions Hearing;

4. Attorney Nicholas Plymale be **REFERRED** to the Ad Hoc Committee on Attorney Admissions, Peer Review, and Attorney Grievance for the United States District Court for the Southern District of Florida;

5. Attorney Nicholas Plymale shall complete six (6) hours of Continuing Legal Education on ethics and artificial intelligence for lawyers; and

6. Gerson & Schwartz, P.A. shall provide Plaintiffs a letter explaining the circumstances necessitating this Order and enclose a copy of this Order on or before December 5, 2025. A notice of compliance shall be filed with the Court by the same date.

**DONE AND ORDERED** in Chambers in Miami, Florida on this 21st day of November, 2025.

*[Signature: Enjoliqué A. Lett]*

**ENJOLIQUÉ A. LETT**
**UNITED STATES MAGISTRATE JUDGE**

cc: All Counsel of Record