UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-23693-ALTMAN

**D.D.** *and* **A.S.**,

    *Plaintiffs*,

*v.*

**CARNIVAL CORPORATION**, *et al.*,

    *Defendants*.

_____/

## ORDER

On May 22, 2025, the Defendants filed their Motion to Dismiss [ECF No. 52]. On June 16, 2025, the Plaintiffs responded ("MTD Response") [ECF No. 65]. And that's where things went awry. On June 23, 2025, the Defendants replied ("MTD Reply") [ECF No. 60], pointing out that the MTD Response's reliance on "fake cases, fabricated quotations from real cases, and inaccurate citations to the complaint and defendants' motion." MTD Reply at 1. The Plaintiffs then asked to file a sur-reply, *see* Motion for Sur-reply [ECF No. 62], which we denied, *see* Paperless Order Denying Motion for Sur-reply [ECF No. 63]. Having enough, the Defendants filed their Motion for Sanctions [ECF No. 64]. The Plaintiffs responded to the Motion for Sanctions ("Sanctions Response") [ECF No. 65], bizarrely ignoring the contents of their *actual* MTD Response. Instead, the Plaintiffs relied on their attempted sur-reply (which, recall, we denied them leave to file). As the Plaintiffs saw it, "[e]very case cited in the proposed sur-reply is a real, verifiable authority. Every parenthetical used is supported by the corresponding opinion." *Id.* at 2. What's worse, Nicholas M. Plymale—the junior associate who drafted the MTD Response—claimed that he "did not fabricate any case, citation, quote, or legal authority in any filing submitted to this Court." Affidavit of Nicholas M. Plymale [ECF No. 65-1] ¶ 3. While the Plaintiffs' MTD Response "contained citation errors, including incorrect citations to certain

cases that could not be verified," Plymale maintained that "those errors were inadvertent and stemmed from the mistaken inclusion of authorities not cross-checked thoroughly against Lexis." *Id.* ¶ 4. We referred the Motion for Sanctions to Magistrate Judge Enjoliqué A. Lett. *See* Order Referring Motion to Magistrate Judge [ECF No. 69].

On September 8, 2025, Magistrate Judge Lett heard arguments on the Motion for Sanctions. *See* September 8, 2025, Paperless Minutes [ECF No. 76]. At that hearing, as Magistrate Judge Lett noted in her Sanctions Order [ECF No. 83], Plaintiffs' counsel "seemingly believe[d] that it was incumbent upon opposing counsel to identify all of the inconsistencies in their memorandum." Sanctions Order at 15.

On November 21, 2025, Magistrate Judge Lett granted the Defendants' Motion for Sanctions because the MTD Response included "multiple hallucinated cases, misquotes, and misrepresentations of legal authority," which was "unreasonable given counsel's ethical obligations to their clients and this Court[.]" *Id.* at 16. Magistrate Judge Lett characterized Plaintiffs' counsel's conduct as "unfathomable and egregious," *id.* at 14, and struck the Plaintiffs' MTD Response, *id.* at 16 ("Plaintiffs' Response in Opposition to Defendants' Joint Motion to Dismiss with Prejudice [ECF No. 59] is **STRICKEN**.").

"Any party may appeal from a Magistrate Judge's order determining a motion or matter . . . within fourteen (14) days after being served with the Magistrate Judge's order." S.D. FLA. L.R. 4(a)(1); *see also* FED. R. CIV. P. 72(a) ("A party may serve and file objections to the order within 14 days after being served with a copy."); *Hopkins v. JPMorgan Chase Bank, NA*, 618 F. App'x 959, 961–62 (11th Cir. 2015) ("[The plaintiff] had fourteen days in which to file with the District Court an objection to the Magistrate Judge's non-dispositive order denying her motion for sanctions based on spoliation." (citing FED. R. CIV. P. 72(a))). But that 14-day deadline has passed, and the Plaintiffs failed *either* to appeal the Sanctions Order or to seek an extension of time to do so. *See generally* Docket. "By failing

to file such an objection, [the Plaintiffs] waived [their] argument that the judge erred in [granting] the motion for sanctions." *Hopkins*, 618 F. App'x at 962. So, we won't disturb the sanctions Magistrate Judge Lett imposed.

And since the Sanctions Order struck the Plaintiffs' MTD Response, the Plaintiffs are now in the position of having failed to respond to the Motion to Dismiss. *See Swift Spinning, Inc. v. Mercados Internacionales, S.A.*, 2008 WL 11417687, at *4 (S.D. Fla. Mar. 7, 2008) (Gold, J.) ("A pleading which has been stricken by the Court is to be considered as if it had never been filed."). Our Local Rule 7.1(c)(1) provides that, "[f]or all motions, except motions served with the summons and complaint, each party opposing a motion *shall* file and serve an opposing memorandum of law no later than fourteen (14) days after service of the motion," and it makes clear that a party's "[f]ailure to do so may be deemed sufficient cause for granting the motion by default." S.D. FLA. L.R. 7.1(c)(1) (emphasis added).

Accordingly, we hereby **ORDER AND ADJUDGE** as follows:

1. The Motion to Dismiss [ECF No. 52] is **GRANTED by default**.

2. The Joint Amended Complaint [ECF No. 48] is **DISMISSED with prejudice**.

3. The **Clerk of Court** is directed to **CLOSE** this case. All pending deadlines and hearings are **TERMINATED**, and any pending motions are **DENIED as moot**.

   **DONE AND ORDERED** in the Southern District of Florida on December 16, 2025.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record