UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO.: 24-cv-23693-ALTMAN/LETT

D.D. and A.S.,

    Plaintiffs,
vs.

CARNIVAL CORPORATION and
ARAWAK ADVENTURE AND
COMMERCIAL TOURS,

    Defendant.
_____/

**PLAINTIFF'S MOTION TO ALTER OR AMEND**
**AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs, by and through undersigned counsel, move pursuant to Rule 59(e), Federal Rules of Civil Procedure, to alter or amend the Order of December 17, 2025, (ECF 85), granting by default the Defendants' Motion to Dismiss (ECF 52), to vacate the order of dismissal, lift the stay of this action entered by ECF 77 and continued by ECF 82, treat the proposed Amended Response to Defendant's Motion to Dismiss, filed on September 26, 2025, (ECF 81, 81-1) as Plaintiff's Response to the Motion to Dismiss, and consider the Motion to Dismiss, Amended Response, and any Reply by Defendants on their merits.  As grounds the Plaintiffs state:

1. Plaintiffs' initial Response to the Motion to Dismiss was stricken by order of Magistrate Lett.  (ECF 83).  Prior to the Magistrate's order Plaintiff' moved for leave to withdraw the Response to the Motion to Dismiss and substitute a proposed Amended Response on September 26, 2025.  (ECF 81, 81-1).  Plaintiff's motion was denied on October 3, 2025 (ECF 82).

2. Defendants moved for sanctions based on the initial Response filed by Plaintiffs (ECF 59) and Plaintiffs' proposed Sur-Reply. The Sur-Reply was not accepted by the Court and hence never filed. (ECF 62, ECF 63).

3. While the Motion for Sanctions was pending, on September 26, 2025, Plaintiffs moved: (a) to lift the stay of proceedings then in effect, (b) to strike the defective Response and Sur-Reply, and (3) to substitute an attached proposed Amended Response to the motion to dismiss (ECF 80, 81, 81-1). Plaintiff counsel acknowledged the flawed initial response and asked the court to permit an Amended Response so that the Motion to Dismiss could be considered on the merits while the motion for sanctions was pending (ECF 80, 81, 81-1).

4. On October 3, 2025, this court entered an order denying the motions to lift the stay, withdraw the flawed response, and substitute the proposed amended response. This court's order stated "Plaintiff's lawyer hasn't provided any explanation for his view that an Amended Response is necessary." (ECF 82). No hearing was conducted. An Amended Response is necessary because the original response was flawed leading to the filing of the sanctions motion by Defendant.

5. On November 21, 2025, Magistrate Judge Lett granted the motion for sanctions, imposing various sanctions on Plaintiffs' counsel (ECF 83). No sanctions were issued nor were any sought from Plaintiffs D.D. or A.S. individually. The sanctions awarded against Plaintiffs' counsel were to pay attorneys' fees to Defendant. The Magistrate Judge also directed specific measures to be taken by the associate lawyer who was author of the original response. Plaintiffs' counsel were to advise Plaintiffs in writing of the circumstances and the entry of the sanctions order, which was done. (ECF 83 at 17, ECF 84). Despite Plaintiffs' previous motion to withdraw the original flawed response and substitute a proposed

2

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

Amended Response Magistrate Judge Lett's sanctions order struck the flawed Response, but without addressing the previously filed proposed Amended Response (ECF 83 at 16).

6. As noted by the Court, Plaintiffs did not file any objection to Magistrate Judge Lett's order. There was no objection to the sanctions order because Plaintiffs' counsel does not dispute the fact that there was sanctionable conduct and do not challenge the specific sanctions Magistrate Judge Lett imposed. Defendant made no objection to the sanctions order. Thus, the sanctions order is final.

7. However, as noted by the Court, once the defective initial Response was stricken, in the absence of permission to file an amended Response such as the proposed Amended Response filed in September, there was no response to the Motion to Dismiss at all in the docket.

8. In the Order of October 3, 2025, the Court indicated that Plaintiff had not demonstrated the necessity of filing an Amended Response. Now that the sanctions order has been entered and is final, the striking of the initial defective response is also final. If the court permits the filing of the already proposed Amended Response the Motion to Dismiss can be decided on its merits. If the court does not allow the filing of the Amended Response or otherwise consider the Motion to Dismiss on its merits or grant leave to amend, the individual Plaintiffs will be punished for the sanctioned conduct of their counsel without any remedy, losing out on a decision based on the merits of their claims. This result is harsh, unfair to the individual Plaintiffs and should not obtain where the innocent litigants are denied due process through no fault of their own. Alternatively, if the court will not accept the previously filed proposed Amended Response, its order of dismissal should be without

prejudice granting leave to amend so that ultimately a decision can be made on the merits of Plaintiff's causes of action.

9. Dismissal of a complaint with prejudice, whether on a motion or sua sponte, "is an extreme sanction" that may be properly imposed only when" "the district court specifically finds that lesser sanctions would not suffice." *Betty K Agencies, LTD. v. M/V Monada*, 432 F.3d 1333, 1337-38 (11th Cir. 2005)(underlining in *Betty K*). "Moreover, the harsh sanction of dismissal with prejudice is thought to be more appropriate in a case where a party, as distinct from counsel, is culpable." *Betty K*, 432 F.3d at 1338, *quoting Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1375 (11th Cir. 1999); *see also Garcia v. Pajeoly*, 2019 U.S. Dist. LEXIS 182206 at *5, 2019 WL 5260248 (S.D. Fla. Case No. 18-23399-Civ-SCOLA/TORRES, August 20, 2019), *quoting Cohen v. Carnival Cruise Lines, Inc.*, 782 F.2d 923, 925 (11th Cir. 1986)("Dismissal with prejudice is proper only where a lesser sanction would not serve the interest of justice."); *Garcia v. Pajeoly* at *7 ("courts are understandably reluctant to enter complete dismissals of cases").

10. In this case, the sanctionable conduct, the filing of defective legal documents, was exclusively that of counsel, not the Plaintiffs themselves. Furthermore, a proposed corrected memorandum was eventually filed and has been in the docket for almost three months at this point. To prevent the manifest injustice of punishing the Plaintiffs individually for the conduct of counsel, the Court has discretion to vacate the dismissal order, consider the proposed Amended Response filed three months ago as filed, allow a Reply to the Amended Response, or otherwise consider the motion to dismiss on its merits rather than dismissing with prejudice. Under these circumstances, the Court should vacate

4

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

the dismissal, deem the Amended Response of September 26, 2025, filed (or allow it to be filed), and consider the Motion to Dismiss on its merits.

11. The conduct of counsel has been sanctioned by the order of the Magistrate. Given that no challenges to the appropriateness of the sanctions have been made by any party and the fact that the Plaintiffs do not challenge any of the sanctions ordered against their counsel, or the striking of the defective initial Response and Sur-Reply, it is unfair to punish Plaintiffs who are innocent victims of sexual assault by dismissal with prejudice.

12. Accordingly, Plaintiffs renew their motion for leave to file the Amended Response tendered in September 2025; or in the alternative for leave to amend their complaint.

13. Plaintiff's counsel requests oral argument on this motion.

**WHEREFORE**, Plaintiffs respectfully request that the Court enter an order vacating the previous order of dismissal (ECF 85), deem the proposed Amended Response of September 26, 2025, filed (or allow it to be filed), and consider the Motion to Dismiss on its merits, or alternatively deem the dismissal to be without prejudice and with leave to file a further amendment of the Complaint.

### REQUEST FOR HEARING

Pursuant to Local Rule 7.1(b)(2) of this Court, Plaintiffs through undersigned counsel hereby request oral argument regarding the preceding motion. Plaintiffs suggests that oral argument regarding the issues raised in the foregoing Motion will be helpful to the Court in understanding the circumstances. Plaintiff estimates that the oral argument would require half an hour.

5

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

## LOCAL RULE 7.1 CERTIFICATE

The undersigned counsel for Plaintiffs hereby certifies pursuant to Local Rule 7.1 of this Court that Plaintiffs' counsel has contacted counsel for the Defendants regarding the relief requested in this Motion. Defendants indicate that they will oppose the relief sought.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served electronically on all attorneys of record on the attached Service List through the CM/ECF system of the Court on December 24, 2025.

**GERSON & SCHWARTZ, P.A.**
1980 Coral Way
Miami, Florida 33145
Telephone:(305) 371-6000
Facsimile:(305) 371-5749
***By: /s/EDWARD S. SCHWARTZ***
EDWARD S. SCHWARTZ
Florida Bar No. 346721
eschwartz@gslawusa.com
PHILIP M. GERSON
Florida Bar No. 127290
pgerson@gslawusa.com
NICHOLAS I. GERSON
Florida Bar No. 20899
ngerson@gslawusa.com
NICHOLAS M. PLYMALE
Florida Bar No. 1057884
nplymale@gslawusa.com

*D.D. and A.S. v. Carnival Corporation and*
*Arawak Adventure and Commercial Tours*
*Case No. 24-cv-23693*

## **SERVICE LIST**

## **CASE NO.: 24-cv-23693-ALTMAN/LETT**

| | |
|---|---|
| **Philip M. Gerson, Esq.**<br>Florida Bar No. 127290<br>pgerson@gslawusa.com<br>filing@gslawusa.com<br>**Nicholas I. Gerson, Esq.**<br>Florida Bar No. 20899<br>ngerson@gslawusa.com<br>**Edward S. Schwartz, Esq.**<br>Florida Bar No. 346721<br>eschwartz@gslawusa.com<br>**David L. Markel, Esq.**<br>Florida Bar No. 78306<br>dmarkel@gslawusa.com<br>**Nicholas M. Plymale, Esq.**<br>Florida Bar No. 1057884<br>nplymale@gslawusa.com<br>**GERSON & SCHWARTZ, P.A.**<br>1980 Coral Way<br>Miami, Florida 33145<br>Telephone:(305) 371-6000<br>Facsimile:(305) 371-5749<br>***Attorneys for Plaintiff*** | **William R. Seitz, Esq.**<br>Florida Bar No. 73928<br>wseitz@Maselaw.Com<br>**Charlotte A. Robinson, Esq.**<br>Florida Bar No. 1039863<br>Crobinson@Maselaw.Com<br>**Ann Turner Light, Esq.**<br>Florida Bar No. 1058512<br>atlight@maselaw.com<br>**MASE SEITZ BRIGGS, P.A.**<br>*Attorneys for Defendant*<br>2601 South Bayshore Drive, Suite 800<br>Miami, Florida 33133<br>Telephone: (305) 377-3770<br>Facsimile: (305) 377-0080<br>***Attorneys for the Defendant*** |

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com